# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES--GENERAL

**Case No.:** CV 09-7099-GW(CTx)                **Date:** December 8, 2009

**Title:**   ERIC STEINBERG v. CITY OF LOS ANGELES, et al.
================================================================
**DOCKET ENTRY:**
================================================================
**PRESENT:**        Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

                    Deborah Malone        _____
                    Deputy Clerk            Court Reporter

        ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
            None present                          None present

**PROCEEDINGS:**      (DENYING PARTIES' REQUEST TO SIGN STIPULATED
                      PROTECTIVE ORDER WITHOUT PREJUDICE)

        The parties' request for the court to sign a stipulated
protective order has been referred to the magistrate judge and is
**DENIED WITHOUT PREJUDICE** for the reasons set forth below. The parties
are advised to take the following into consideration before
submitting a stipulated proposed protective order to the court:

1.    Confidential material should be narrowly and specifically
      defined and supported by good cause for purposes of a protective
      order sought from the court. See Fed. R. Civ. P. 26(c); Foltz
      v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.
      2003)("[a] party asserting good cause bears the burden, *for each
      particular document* it seeks to protect, of showing that
      specific prejudice or harm will result if no protective order is
      granted")(citations omitted)(emphasis added); see also Seattle
      Times v. Rhinehart, 467 U.S. 20, 37 (1984)(protective order does
      not offend the first amendment where it is "*entered on a showing
      of good cause as required by Rule 26(c)*, is limited to the
      context of pretrial civil discovery, and does not restrict the
      dissemination of the information if gained from other
      sources")(emphasis added).

      So that it is clear to the court and any party or nonparty
      seeking to challenge the confidential designation of any
      documents covered by a protective order, the parties should
      identify the specific documents, categories of documents, or
      portions of documents to be deemed confidential in a meaningful
      fashion and indicate what prejudice or harm will result if no
      protection is granted for those particular documents or
      information.   The stipulated protective order submitted to the
      court is not sufficient.  (See, e.g., Stipulated Protective
      Order ("Stip."), ¶ 1.) Furthermore, a proposed protective order
      that gives the parties latitude to determine, after the fact,
      what types of materials should fall within the parameters of

protected material is not sufficiently specific.  In the event
the parties wish to seek protection for additional categories of
materials in the future, they may request to amend the
protective order.

2.   A proposed protective order should make it clear that
     designation of materials as confidential does <u>not</u> entitle the
     parties to have those materials filed under seal, including for
     purposes of in camera review.  (<u>See</u>, <u>e.g.</u>, Stip. ¶¶ 5, 10, 11).
     In seeking to file confidential information under seal, a party
     should seek to file *only* the confidential portions of such
     documents under seal.  In any such application, the parties must
     make the appropriate showing.  <u>See Kamakana v. City & County of
     Honolulu</u>, 447 F.3d 1172, 1180-81 (9th Cir. 2006).  Any
     application to file documents under seal in proceedings before
     the district judge should be made to the district judge.

3.   A protective order sought from the magistrate judge applies only
     to information exchanged in discovery and other proceedings
     before the magistrate judge, and any proposed order submitted
     for the magistrate judge's signature should so state.  The
     proposed order could be read to cover, for example, pre-trial
     and post-judgment matters. If the parties wish to have a broader
     protective order that covers matters beyond discovery, which it
     appears they may have been seeking to do, (<u>see</u>, <u>e.g.</u>, Stip. ¶¶
     5, 8, 10,11), they may submit a request for a proposed
     stipulated protective order to the district judge.  The
     magistrate judge suggests that if the parties wish to submit a
     broader order to the district judge, they **clearly state in the
     caption that the request *is not limited to discovery and is for
     consideration by the district judge*** so the request will not be
     routed to the magistrate judge.

     In general, once a case proceeds to trial, all information
     designated as confidential and/or kept and maintained pursuant
     to the terms of a protective order becomes public and will be
     presumptively available to all members of the public, including
     the press, unless an appropriate showing is made to the district
     judge in advance of the trial to proceed otherwise.

4.   Any discovery motion concerning, for example, the proper
     designation of confidential material, a request for exemption
     from the stipulated order, or a request to file documents under
     seal in connection with a discovery matter should be filed in
     compliance with the procedures in Local Rule 37.  The party
     seeking to maintain the confidentiality of the materials at
     issue has the burden of proof, and a proposed order may not
     shift that burden. <u>See Foltz</u>, 331 F.3d at 1130.

5.   The stipulation contains typographical errors which render it
     ambiguous.  (<u>See</u> Stip. ¶ 4.)

6.   The court will not issue an order that purports to restrict or

limit the rights of the parties in another action to conduct
discovery or the subpoena power of another court, as this
proposed order could be read to do. (<u>See</u> Stip. ¶ 9.)

The parties should consider whether some or all of the materials at
issue can be exchanged in redacted form (e.g., by deleting
confidential information) or **whether they can enter into a
confidentiality agreement among themselves, obviating the need for a
protective order from the court.**

**IT IS SO ORDERED.**

cc:   Judge Otero

      Brian S. Kabateck, Esq.
      Richard L. Kellner, Esq.
      Kabateck Kellner LLP
      Engine Company No. 28 Building
      644 South Figueroa Street
      Los Angeles, CA 90017

      David Mills Arbogast, Esq.
      Jeffrey K. Berns, Esq.
      Arbogast and Berns LLP
      6303 Owensmouth Avenue, 10th Fl.
      Woodland Hills, CA 91367-2263

      Eric M. George, Esq.
      Marcy Railsback, Esq.
      Michael A. Bowse, Esq.
      Browne Woods George LLP
      2121 Avenue of the Stars, Suite 2400
      Los Angeles, CA 90067

      Gerson Harry Smoger, Esq.
      Steven Michael Bronson, Esq.
      Smoger & Associates
      3175 Monterey Boulevard, Suite 3
      Oakland, CA 94602-3560

      Mark R. Cuker, Esq.
      Michael J. Quirk, Esq.
      Williams Cuker & Berezofsky
      1617 J.F.K. Boulevard, Suite 800
      Philadelphia, PA 19103

      LeAnn Pedersen Pope, Esq.
      Stephen R. Meinertzhagen, Esq.
      Victoria R. Collado, Esq.
      Burke Warren MacKay & Serritella PC
      330 North Wabash Avenue, 22nd Floor
      Chicago, IL 60611

Robert S. Beall, Esq.
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1925

Sascha V. M. Henry, Esq.
Sheppard Mullin Richter and Hampton
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448

Shannon Z. Petersen, Esq.
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101

**MINUTES FORM 11**                                      Initials of Deputy Clerk_____
**CIVIL-GEN**